41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip GOLZER, Petitioner-Appellant,
v.
Phillip PARKER, Warden; Attorney General, Commonwealth of
Kentucky, Respondents-Appellees.
 No. 94-5871.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Philip Golzer appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1986, a jury convicted Golzer of two counts of second degree criminal possession of a forged instrument and one count of first degree persistent felony offender. The trial court sentenced Golzer to twenty years of imprisonment. The Kentucky Supreme Court affirmed Golzer's conviction and sentence on direct appeal. Golzer sought relief in various post-conviction motions in the state courts, all of which were denied.
 
 
 4
 Golzer then filed a petition for a writ of habeas corpus in the district court, alleging that: (1) his due process rights were violated when the trial court imposed an enhanced sentence on the persistent felony offender charge, despite the fact that the jury had not made a recommendation as to a sentence on the two underlying charges; (2) the Kentucky courts improperly refused to vacate his enhanced sentence, despite the violation noted above; (3) he received ineffective assistance of appellate counsel; (4) he received ineffective assistance of trial counsel; (5) his conviction resulted from prosecutorial misconduct; and (6) insufficient evidence existed to support his convictions. Over Golzer's objections, the district court adopted the magistrate judge's report and recommendation and concluded that Golzer had procedurally defaulted his claims in the state courts. As Golzer had not shown cause and prejudice to excuse his procedural default, the district court concluded that his claims were not reviewable and dismissed the petition. Golzer has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Golzer's petition for a writ of habeas corpus. Golzer procedurally defaulted his claims in the Kentucky state courts and he has not shown cause and prejudice to excuse his default. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 6
 Accordingly, we affirm the judgment for the reasons set forth in the magistrate judge's report and recommendation filed on April 5, 1994, as adopted by the district court in its order filed on June 23, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation